UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT JACKSON, et al., | ) Case No. 1:16CV3100 |
| | ) |
| Plaintiffs, | ) |
| | ) JUDGE CHRISTOPHER BOYKO |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| WILLOUGHBY EASTLAKE | ) |
| SCH. DIST., et al., | ) |
| | ) |
| Defendants. | ) MEMORANDUM AND ORDER |

This case arises from Plaintiffs' allegations concerning incidents of student bullying and/or harassment, and Defendants' responses. Plaintiffs Robert Jackson and Kim J., individually, and as next friend and parent(s) of C.J., a minor, filed a five-count complaint against defendants Willoughby Eastlake School District ("the District"); Willoughby Eastlake Board of Education ("the Board"); Steve Thompson, Superintendent of the District; and individuals Jason Wilson, David Miller, Matt Sternberg, and Laura Musgrave, employees of the District. (R. 1, Compl.) Plaintiffs claim that the District failed to take affirmative steps to report, document and prevent bullying and retaliation against C.J. and other students, and that the District, Board, and individual defendants violated substantive due process rights and the Equal Protection Clause of the Fourteenth Amendment to the Constitution. Plaintiffs further allege

violation of C.J.'s rights under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

Currently before the court are Plaintiffs' motion to compel, motion for sanctions and related filings.

I. MOTION TO COMPEL

Plaintiffs filed their motion to compel on December 29, 2017, alleging the defendants failed to provide written responses to plaintiffs' combined interrogatories and requests for production of documents served on October 5, 2017. (R. 12, PageID #: 116, 118.) Defendants had advised plaintiffs they objected to discovery requests, which requested student educational records that were confidential under the Family Educational Rights and Privacy Act ("FERPA"), [20 U.S.C. § 1232g](), and that a fire destroyed other responsive documents. Defendants filed an opposition to the motion, and a motion for protective order. (R. 13.) The discovery dispute was referred to the undersigned. During a conference call with the court and parties' counsel, defendants agreed to serve their written responses to the combined discovery requests by January 24, 2018, and reiterated their FERPA objection. The court established a supplemental briefing schedule to address the discovery dispute. (R. 19.) Plaintiffs filed a supplemental motion to compel, with leave of court, and also filed a motion for sanctions. (R. 21.) Defendants have filed an opposition. (R. 24.)

Plaintiffs' supplemental motion to compel moves that the court order defendants to provide, under a protective order, "all individual personnel records as identified in Interrogatory Nos. 7, 16, 17, 22, 23, and 25" and requested student disciplinary records. (R. 21, PageID #:

2

214, 229.)[1]  Interrogatory No. 7 requests specific information concerning any "follow-up action" taken in response to allegations of bullying, harassment, or physical assault of C.J. by fellow students.  (R. 21-1, PageID #: 236.)  The defendants asserted an objection, stating: "The foregoing interrogatory seeks information protected by FERPA and is confidential in nature." *Id.*  Interrogatories No. 16 and 17 request specific information concerning "the investigation of any allegations made against [student D.H.,[2]]" including any documents or reports created as part of the investigation.  (R. 21-1, PageID #: 241.)  Defendants' response indicates David Miller was involved in the investigation, but otherwise objects that each of the interrogatories "seeks information which is confidential in nature and protected by FERPA."  *Id.*

Similarly, Interrogatories No. 22 and 23 request specific information concerning "the investigation of any allegations made against [student H.S.,]" including any documents or reports created as part of the investigation.  (R. 21-1, PageID #: 243-244.)  Defendants' response identifies Jason Wilson as involved in the investigation, but otherwise objects that each of the interrogatories "seeks information which is confidential in nature and protected by FERPA."  *Id.*

---

[1] The original motion to compel (R. 12) did not specify which discovery requests were at issue, because defendants had not served their responses.  That motion is denied as moot, because defendants have since served their written responses and document production and plaintiffs have filed a supplemental motion to compel.  The supplemental motion narrowed the discovery dispute to the above interrogatories and corresponding document requests, which requested the production of documents identified in response to the aforementioned interrogatories.

[2] The documents filed in this litigation are inconsistent in terms of their designation of the students involved, both student-plaintiff and the alleged harassers.  At times, initials are used, while at other times, the full name is provided.  Because of the nature of the accusations, and the fact that the students involved appear to be minors, the court will refer to all students by their initials.

Interrogatory 25 seeks information regarding documents or reports created as part of "the investigation of any allegations made against [student H.J.]." (R. 21-1, PageID #: 244-45.) Defendants object that the interrogatory "seeks information which is confidential in nature and protected by FERPA." *Id.*

The Federal Rules of Civil Procedure provide that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R.Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* The scope of discovery under the Federal Rules traditionally has been quite broad. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Richardson v. Board of Educ. of Huber Heights City Sch.*, No. 3:12CV00342, 2014 WL 8619228, at *2 (S.D. Ohio Mar. 11, 2014); 8 Wright & Miller, *Federal Practice and Procedure*, § 2008. The purpose of written interrogatories, permitted under Rule 33, is "to focus the fundamental issues between the parties and to enable the parties to learn what the facts are and where they may be found before trial, to the end that the parties may prepare their case in the light of all the available facts." *United States v. A.B. Dick Co.*, 7 F.R.D. 442, 443 (N.D. Ohio 1947). Under Rule 34, a party must produce or otherwise make available all discoverable documents or things responsive to a request or assert with specificity the grounds for objecting and whether any responsive documents are being withheld on the basis of that objection. Fed. R.Civ. P. 34(b)(2)(B)(C).

## A. FERPA

FERPA "protects educational records or personally identifiable information from improper disclosure." *Richardson*, 2014 WL 8619228, at *1 (quoting *Doe v. Woodford County*

4

*Bd. of Educ.*, 213 F.3d 921, 926 (6th Cir. 2000)); *see also United States v. Miami University*, 294 F.3d 797, 806 (6th Cir. 2002) (FERPA protects privacy interests of students and their parents); *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F.Supp.2d 1019, 1022 (N.D. Ohio 2004). The Sixth Circuit has determined that "Congress intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA." *Miami University*, 294 F.3d at 812. FERPA, however, "does not ..., by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure." *Richardson*, 2014 WL 8619228, at *2 (quoting *Edmonds v. Detroit Pub. Sch. Sys.*, No. 12CV10023, 2012 WL 5844655, at *3 (E.D. Mich. Nov. 19, 2012)); *Ellis*, 309 F.Supp.2d at 1023. In other words, records that are considered protected under a statute are not necessarily privileged for discovery purposes, and FERPA does not provide such a privilege. *Edmonds*, 2012 WL 5844655, at *3 (quoting *Ellis*, 309 F.Supp.2d at 1022, and citing cases); *see also Jones v. Espanola Mun. Sch. Dist.*, No. CV13-741, 2016 WL 10257481, at *2 (D. N.M. May 13, 2016) (FERPA does not create an evidentiary privilege, citing cases); *Cherry v. Clark County Sch. Dist.*, No. 2:11CV01783, 2012 WL 4361101, at *5 (D. Nev. Sept. 21, 2012) (same).

Plaintiffs argue that FERPA is not an absolute bar against the disclosure of individual student information, especially in civil rights cases. (R. 12, PageID #: 122, citing *Ellis*, 309 F.Supp.2d at 1024). One exception to FERPA protection exists when educational records or personally identifiable "information is furnished in compliance with judicial order..." *Richardson*, 2014 WL 8619228, at *1 (quoting 20 U.S.C. § 1232g(b)(2)(B)); *see also Jones*, 2016 WL 10257481, at *2 (school may disclose information without consent required if disclosure is to comply with judicial order, citing 34 C.F.R. § 99.31(a)(9)(i)); *Edmonds*, 2012

5

WL 5844655, at *3. Plaintiffs acknowledge, however, that relevancy must be well-established by the party seeking disclosure, and assert that a protective order would be sufficient to address the privacy concerns of any named students. (R. 12, PageID #: 126). Defendants argue that the individual records sought are protected from disclosure, without the written consent of the parents, by FERPA. (R. 13, PageID #: 193, quoting 20 U.S.C. § 1232g(b)(1).) They contend that student disciplinary records are protected as "education records," and students have a privacy interest in their disciplinary records. *Id.*, at 193, 195, citing *Miami Univ.*, 294 F.3d at 813.

In the *Miami University* case, the Sixth Circuit discussed certain express statutory exemptions from privacy protections:

> The FERPA sanctions the release of certain student disciplinary records in several discrete situations through exemption. The Act does not prohibit disclosure "to an alleged victim of any crime of violence ... or a nonforcible sex offense, the final results of any disciplinary proceeding conducted by the institution against the alleged perpetrator...." 20 U.S.C. § 1232g(b)(6)(A) (emphasis added). The public generally may be informed of "the final results of any disciplinary proceeding conducted by [an] institution against a student who is an alleged perpetrator of any crime of violence ... or a nonforcible sex offense, if the institution determines ... that the student committed a violation of the institution's rules or policies with respect to such crime or offense." *Id.* at § 1232g(b)(6)(B). "[T]he final results of any disciplinary proceeding (i) shall include only the name of the student, the violation committed, and any sanction imposed by the institution on that student; and (ii) may include the name of any other student, such as a victim or witness, only with the written consent of that other student." *Id.* at § 1232g(b)(6)(C).

*Miami University*, 294 F.3d at 812. The court found that the first exemption, which is relevant to the allegations in this case, balanced the privacy interests of an alleged perpetrator of violence (or a sex offense) with the rights of the alleged victim, "and concluded that the right of an alleged victim to know the outcome of a student disciplinary proceeding, regardless of the result,

6

outweighed the alleged perpetrator's privacy interest in that proceeding." *Id.* at 813. *See also Ellis*, 309 F.Supp.2d at 1024 (FERPA recognizes important public policy of protecting student safety).

Given FERPA's underlying privacy concerns, there is a higher burden on a party seeking disclosure of student records. *Cherry*, 2012 WL 4361101, at *5 (quoting *Ellis*, 309 F.Supp.2d at 1022). "[T]he party seeking the information is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students." *Jones*, 2016 WL 10257481, at *3 (quoting *Rios v. Read,* 73 F.R.D. 589, 599 (E.D. N.Y. 1977)).[3]

In this case, plaintiffs' complaint identifies three specific students accused of engaging in abuse, assault, bullying, and intimidation against plaintiff C.J. (R. 12, PageID #: 122.) The complaint further alleges that the District failed to properly address these allegations of bullying. *Id.* at 122-125. The plaintiffs contend that the District failed to address C.J.'s allegations, "as evidenced by a failure to investigate, a failure to discipline and a failure to protect C.J. from future acts of bullying and violence." *Id.* at 125-126. Plaintiffs claim that the individual records

---

[3] In one case alleging discriminatory discipline, for example, the court ruled:

> [Plaintiff's] allegations that the school was engaged in a practice of disparate discipline of minority and non-minority students (thereby [c]reating a racially hostile environment) can only be proven if [plaintiff] is granted access to the disciplinary records and incident reports of the students involved. While this court is mindful of the privacy interest of the students involved, it is nonetheless outweighed by [plaintiff's] need for disclosure.

*Davids v. Cedar Falls Cmty. Sch.*, No. C-96-2071, 1998 WL 34112767, at *3 (N.D. Iowa Oct. 28, 1998).

7

of T.H., D.H. and H.J.[4], specifically, and other reports against individual students made by C.J., are not merely relevant but are "critical in either proving or disproving the portion of her claims supported by these allegations." *Id.* at 126. Plaintiffs contend this information is the only way to corroborate their allegations. Conversely, aside from claiming the requested discovery seeks confidential information protected from disclosure by FERPA, Defendants have not asserted any other pertinent objection or argued that the requested information lacks relevance.

The court agrees with the above authority that FERPA does not create an absolute bar or privilege that prevents the disclosure of the records sought here. *Miami University*, 294 F.3d at 812-813; *Jones*, 2016 WL 10257481, at *2; *Richardson*, 2014 WL 8619228, at *2; *Edmonds*, 2012 WL 5844655, at *3; *Ellis*, 309 F.Supp.2d at 1023. The court finds that the Plaintiffs' need for the discovery outweighs the students' privacy interests, and the motion to compel is granted, as to the production sought, namely requested student disciplinary records and "all individual personnel records as identified in Interrogatory Nos. 7, 16, 17, 22, 23, and 25." (R. 21, PageID #: 214, 229.) Although the information is discoverable, the court does not sanction the unabated production of such documents, as explained below.

### B. Protective Order

Plaintiffs suggest that a protective order "sealing the case record" would be sufficient to address the privacy concerns of the individual students. (R. 12, PageID #: 126.) Defendants respond that:

> . . . such records should be produced subject to a protective order limiting the use of such information to this litigation only and preventing the filing of documents

---

[4] The interrogatories at issue identify the three students as [D.H.], [H.S.], and [H.J.]. (R. 21-1, PageID #: 241, 244, 245.)

relating to such student records except under seal. Defendants also respectfully submit that they would require adequate time to provide the proper notice to the affected parties pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9)(ii). Fourteen days has recently been held to be a sufficient period of noticed to the affected parties.

(R. 13, PageID #: 196, citing *Browning v. University of Findlay Bd. of Trustees*, No. 3:15CV02687, 2016 WL 4079128 (N.D. Ohio July 30, 2016).) The court finds that sealing the entire case record is unnecessary, and counter to the public interest in open court proceedings. However, as set forth below, a protective order is appropriate under the circumstances.

Personally identifiable information from a student record, otherwise protected by FERPA, may be disclosed pursuant to a court order, as long as certain parental notification requirements are met. *Edmonds*, 2012 WL 5844655, at *4; *Ellis*, 309 F.Supp.2d at 1024 (citing 20 U.S.C. § 1232g(b)(2)(B)). FERPA requires that the District make a reasonable effort to provide notice to the students and their parents before disclosing education records, including those that contain personal identifying information. *See, e.g.*, *Browning*, at *1. The notice is required when disclosure is subject to a court order, as here. *Id.*, citing 34 C.F.R. § 99.31(a)(9)(i), (ii). Even though the District is required to make a reasonable effort to provide notice, with the opportunity to object, consent of the affected persons is not required where disclosure is court-ordered and subject to a protective order. *Id.*, citing *Morton v. Bossier Parish Sch. Bd.*, 2014 WL 1814213, *4 (W.D. La.); *C.T. v. Liberal Sch. Dist.*, 2008 WL 394217, *4 (D. Kan.); *Rios*, 73 F.R.D. at 600-602.

Thus, as required by FERPA, before producing any student's "education records," defendants and their counsel shall make reasonable efforts to provide notice to any affected student and his/her parent(s), if such student is under the age of eighteen, of the potential

9

production.  The notice shall advise such persons that they have fourteen days to assert any objection to the production and the grounds for such objection, if any.  The students' and parents' responses shall be sent to counsel for defendants.

At the expiration of the fourteen-day notice period, defense counsel shall (1) forward any objections received to the court, and include for *in camera* inspection (2) duplicates of the un-redacted documents related to the objection(s), and (3) duplicates of the documents with proposed redactions of personally identifiable information, and the court will consider the objection(s).  Absent circumstances that the court, in its discretion, believes warrant comment from counsel for plaintiffs and defendants, the court shall rule upon the objections.  If the court determines that an objection is not well-taken, the court shall issue a ruling regarding the same and setting the timeframe for defendants to produce the pertinent documents.

Documents and information produced by defendants pursuant to this order or otherwise that include student information shall be marked "Confidential."  All such records will be produced subject to a protective order limiting the use of such information to this litigation only, for attorneys' eyes only, and preventing the filing of such individual student records except under seal.  In addition, documents containing personally identifiable information must be redacted by the defendants' counsel before any disclosure.  As set forth in regulations governing FERPA, the personal identifiers that must be redacted include student's names, name of the student's parent(s) or other family members; address of the student or student's family; a personal identifier, such as the student's social security number, student number, or biometric record; and other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name.  *See* 20 U.S.C. 1232g, 24 C.F.R. § 99.3

The parties shall file a proposed protective order for the court's review and approval incorporating the procedures and protections outlined above, no later than fourteen days following this order.

## II. MOTION FOR SANCTIONS

The plaintiffs' have moved the court to sanction defendants because documents responsive to plaintiffs' discovery requests seeking historical records concerning bullying, discipline and related matters were destroyed in a fire. (R. 21, PageID #: 212.) Specifically, the defendants' responses to Interrogatories Nos. 3, 8b, 8c, 10, 21 and corresponding requests for production of documents, asserted that responsive documents were stored in the District's Administration Building, but a fire destroyed the building and responsive documents on March 14, 2017. (R. 21-1, PageID #: 234, 237, 238, 243.) Plaintiffs concede that a fire destroyed the District's Administration Building, and they do not allege that the fire or destruction of documents was intentional. But they argue the document destruction resulted from negligent spoliation of evidence justifying a mandatory negative inference against defendants. (R. 21 at PageID #: 216).

The Sixth Circuit has held that negligent destruction of relevant evidence is sanctionable. *Flagg v. Staples the Office Superstore East, Inc.*, No. 1:14CV0004, 2015 WL 5730704, at *2 (N.D. Ohio Sept. 29, 2015) (citing *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 554 (6th Cir. 2010)). A party seeking an adverse inference instruction for destruction of evidence must demonstrate:

> 1. The party with control over the evidence must have had an obligation to preserve it at the time it was destroyed.

2. The accused party must have destroyed the evidence with a culpable state of mind.

3. The destroyed evidence must be relevant to the other side's claim or defense.

*Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir. 2014); *Beaven*, 622 F.3d at 553. The party seeking sanctions has the burden of showing each factor is met. *Applebaum v. Target Corp.*, No. 11CV15035, 2015 WL 13021688, at *4 (E.D. Mich. Mar. 9, 2015); *Dish Network, LLC v. Fun Dish, Inc.*, No. 1:08CV1540, 2011 WL 13130852, at *3 (N.D. Ohio Sept. 6, 2011) (citing *Beavan*, 622 F.3d at 553).

There is no dispute between the parties as to the first (duty to preserve) and third (relevance) elements. On September 16, 2016, plaintiffs sent a notice of potential litigation to defendants, with a demand for the preservation of evidence. (R. 12-3, PageID #: 164-171.) Defendants acknowledge receipt of this letter, and assert that they preserved records that might be responsive to discovery and suspended all regular document and electronic destruction activities related to these records. (R. 24, PageID #: 289; R. 24, DX A, Bowers aff., PageID #: 293, ¶ 10.) Nor is there any dispute between the parties as to the relevance (in the discovery context) of the discovery sought.

The "culpable state of mind" is the issue in dispute. "[T]he 'culpable state of mind' factor is satisfied by a showing that the evidence was destroyed 'knowingly, even if without intent to [breach a duty to preserve it], or negligently.'" *Beaven*, 622 F.3d at 554 (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). The law is clear that spoliation sanctions may be appropriate when evidence is destroyed negligently. *Estate of Romain v. City of Grosse Pointe Farms*, No. 14-12289, 2016 WL 7664226, at *4 (E.D.

Mich. Nov. 22, 2016), *adopted by* 2017 WL 67518 (E.D. Mich. Jan. 6, 2017); *Flagg*, 2015 WL 5730704, at *2.

The defendants have presented the following evidence concerning the litigation hold, and the fire. Eileen Bowers, Director of Pupil Services for the District, averred in a sworn affidavit that her department oversees multiple areas for the District, including Bullying Reports. (R. 24, DX A, PageID #: 293, ¶¶ 2-3.) The Pupil Services Department, as part of the District's Central Office, was located in the District's Administration Building in Willoughby, which building was destroyed by a massive fire on March 14, 2017. *Id.* at 293-294, ¶¶ 4, 11. Bowers averred that, prior to the fire, "reports regarding bullying or other related incidents were sent to the Central Office to comply with state-mandated requirements for reporting and record-keeping" and the District complied with all reporting and record-keeping requirements regarding bullying. *Id.* at 293, ¶¶ 5-6.[5]

In addition, Bowers averred that, prior to the date of the March 2017 fire, student records (including reports regarding bullying) were maintained in a secure location in the Administration Building, and access to these records was limited to key personnel. (R. 24, DX A, PageID #: 293, ¶ 8.) The District's computer servers were also securely stored in the Administration Building. *Id.* at ¶ 9. These records and computer servers were stored in locked rooms, with limited access. *Id.* at ¶ 10. Bowers averred that, once alerted to the threatened litigation, "all regular document and electronic destruction activities related to these records were suspended."

---

[5] Bowers averred, however, that the State of Ohio did not require reporting of bullying information by the sex of the students involved, nor did any other agency require such, and that the District did not gather or report such gender-specific information. *Id.* at 293, ¶ 7.

*Id.* Because the records and computer servers were secure and locked, the records continued to be maintained at the Administration Building. *Id.* Bowers also indicates:

> 12. The [March 14, 2017] fire and subsequent water damage destroyed thousands of the District's files as well as the District's computer servers.
>
> 13. Due to the extensive damage, the cause of the fire was not determined; however, it was ruled accidental.
>
> 14. The District did not destroy any records that could be relevant to this litigation after receiving the September 2016 letter from CJ and her parents' attorney.
>
> 15. The District took reasonable and necessary steps to securely maintain all of its student records, including those now being sought by CJ and her parents.
>
> 16. The District suffered a catastrophic, unforeseen fire which resulted in millions of dollars of damages and loss of records, including the records that were ultimately requested by Plaintiffs six months after the fire occurred.

(R. 24, DX A, PageID #: 294, ¶¶ 12-16.)

Plaintiffs, however, argue that defendants took insufficient steps to preserve the historical records at issue. (R. 21, PageID #: 217.) Plaintiffs fault defendants because no copies were made and provided to counsel, or stored off site. *Id.* Plaintiffs cite no authority for the concept that the duty to preserve necessarily includes a duty to duplicate the originals and store the duplicates in a different location, rather than merely preserving the originals securely. The court rejects such a theory. *See generally Nacco Materials Handling Grp., Inc. v. Lilly Co.*, 278 F.R.D. 395, 403 (W.D. Tenn. 2011) (citing *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 218 (S.D. N.Y. 2003)) (party has duty to preserve all relevant documents, but not multiple identical copies). The defendants have established that the records in question were securely stored and preserved, and that routine document destruction was halted for these materials. (R.

14

24, DX A, Bowers aff., PageID #: 293, ¶¶ 8-10.) The record before the court demonstrates that the materials were adequately preserved.

Further, the evidence shows that the contested discovery materials were destroyed by fire. Defendants aver that the fire was accidental. (R. 24, DX A, Bowers aff., PageID #: 294, ¶ 13.) Plaintiffs do not suggest, nor have they presented any proof, that the fire was intentionally or negligently caused by defendants. The plaintiffs argue instead that, if no copies were made, and the original documents were destroyed in the fire, "the only conclusion that can be had is the Defendants were negligent in preserving the information." (R. 21, PageID #: 218.) This is a logical leap which the court is unwilling to make. The court has already determined that the materials were adequately preserved. The destruction of the materials as a result of a significant fire that destroyed the Administration Building was an unforeseeable consequence of an unanticipated event. There is no showing of negligence, and certainly no evidence or allegation of intentional destruction of the evidence.

The plaintiffs contend that the doctrine of res ispa loquitur should apply. (R. 21, PageID #: 218.) The court disagrees.

> [T]he rule of res ipsa loquitur is a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of the defendant and an accident occurs under such circumstances that in the ordinary course of events it would not occur when ordinary care is observed.

*Williamson v. Jones & Laughlin Steel Corp.*, 213 F.2d 246, 249 (6th Cir. 1954) (quoting *Fink v. New York Cent. R.R. Co.*, 144 Ohio St. 1, 9, 56 N.E.2d 456, 460 (1944)). It is not a presumption of negligence, merely a permissible evidential inference. *Id.; Freudeman v. Landing of Canton*, 702 F.3d 318, 325 (6th Cir. 2012).

15

Ordinarily the doctrine of res ipsa loquitur cannot be applied to a fire when the origin of the fire is unknown. *Miller v. Elgin, Joliet & Eastern Ry. Co.*, 177 F.2d 224, 226 (7th Cir. 1949); *see also Keranen v. Nat'l R.R. Passenger Corp.*, 743 A.2d 703, 718 (D.C. 2000) (quoting *Miller*). Here, the cause of the accidental fire is unknown (Bowers aff., PageID #: 294, ¶ 13), and the fire could very well have occurred without any negligence on the part of the defendants. *See, e.g.*, *Community Preschool & Nursery of E. Liberty, LLC v. Tri-State Realty, Inc.*, No. 10-2702, 2011 WL 2198946, at *2-*3 (3d Cir. June 7, 2011). The court finds the doctrine of res ipsa loquitur is inapplicable under the circumstances of this case.

The court finds that plaintiffs have failed to carry their burden to establish that defendants destroyed the evidence at issue "with a culpable state of mind." *Automated Solutions*, 756 F.3d at 513; *Beaven*, 622 F.3d at 553; *Dish Network*, 2011 WL 13130852, at *3. The motion for sanctions is denied.

### III. CONCLUSION

The plaintiffs' supplemental motion to compel and motion for sanctions (R. 21) is GRANTED, in part, and DENIED, in part. The motion to compel is granted as to the production sought, which includes the requested student disciplinary records and "all individual personnel records as identified in Interrogatory Nos. 7, 16, 17, 22, 23, and 25" (R. 21, PageID #: 214, 229), subject to the procedures and protections outlined above. The motion for sanctions (R. 21) is DENIED. Plaintiff's initial motion to compel (R. 12) is DENIED as moot.

16

The defendants' motion for protective order (R. 13) is GRANTED, in part. The parties shall file a proposed protective order for the court's review and approval incorporating the procedures and protections outlined above, within fourteen days of this order.

IT IS SO ORDERED.

/s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge